# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NIKOLAY TIKHONOV,

        Appellant,

        v.

OFFICE OF PERSONNEL
  MANAGEMENT,

        Agency.

DOCKET NUMBER
DC-0842-16-0336-I-1

DATE: October 21, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Nikolay Tikhonov</u>, Gaithersburg, Maryland, pro se.

<u>Kristine Prentice</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      In a January 5, 2016 final decision, the Office of Personnel Management (OPM) denied the appellant's application for an annuity benefit under the Federal Employees' Retirement System (FERS). Initial Appeal File (IAF), Tab 6 at 5. According to OPM, the appellant had no creditable Federal service. *Id.* The appellant filed a Board appeal of the final decision. IAF, Tab 1 at 4-8. OPM moved to dismiss the appeal because it had completely rescinded the final decision and intended to issue a new final decision that more adequately addressed the appellant's request for a deferred retirement annuity under FERS. IAF, Tab 6 at 4.

¶3      The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without holding the requested hearing. IAF, Tab 1 at 3, Tab 7, Initial Decision (ID) at 1-2. He found that OPM's rescinding the final decision divested the Board of jurisdiction over that action. *Id.* at 2.

¶4      The appellant has filed a timely petition for review challenging the administrative judge's jurisdictional findings and raising arguments supporting

his alleged entitlement to FERS retirement benefits.  Petition for Review (PFR) File, Tab 1.  The agency has responded to the petition for review.  PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    The appellant argues that his petition for review should be granted for the following reasons:  (1) the Board has jurisdiction over his appeal based on his allegations of harmful error; (2) the administrative judge improperly denied him the requested hearing; (3) OPM erred in finding that he lacked creditable Federal service; and (4) OPM failed to submit a complete agency file.  PFR File, Tab 1 at 5-8.[2]  Although the appellant asserts otherwise, we find no reason to disturb the initial decision.

¶6    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant has the burden of proving by a preponderance of the evidence that the Board has jurisdiction over OPM's denial of his FERS retirement application.  5 C.F.R. § 1201.56(b)(2)(i)(A).  He is entitled to a jurisdictional hearing if he raises a nonfrivolous allegation of Board jurisdiction and to a hearing on the merits if he meets his jurisdictional burden.  *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc); *see McDowell v. Office of Personnel Management*, 66 M.S.P.R. 511, 512-13 (1995) (granting the appellant

---

[2]  The appellant alleges for the first time on review that he was denied his requested hearing and that OPM failed to produce the documents that he submitted to support his FERS retirement application.  PFR File, Tab 1 at 5.  The initial decision was issued 2 days after OPM filed its response, before the response period expired.  IAF, Tab 2 at 4; ID at 1-2.  Because the appellant was not afforded an opportunity to reply below, we consider these arguments.  *See Phillips v. Department of the Air Force*, 104 M.S.P.R. 229, ¶ 4 (2006) (considering an appellant's arguments raised for the first time on petition for review because the administrative judge issued the initial decision before the expiration of the response deadline set forth in the acknowledgment order).

his requested hearing after he established Board jurisdiction over his survivor annuity appeal).

¶7     The Board has jurisdiction over OPM determinations affecting an appellant's rights or interests under FERS after OPM has issued a final or reconsideration decision.   5 U.S.C. § 8461(e); *Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶ 14 (2014); 5 C.F.R. § 841.308.   If OPM completely rescinds a final decision, however, its rescission divests the Board of jurisdiction over the appeal in which that decision is at issue, and the appeal must be dismissed. *Smith v. Office of Personnel Management*, 113 M.S.P.R. 259, ¶ 6 (2010) (finding no Board jurisdiction over OPM's denial of disability retirement benefits under FERS after OPM completely rescinded the reconsideration decision).

¶8      Here, OPM asserted that it had completely rescinded the final decision and that it intended to issue a new decision regarding the appellant's FERS entitlement.   IAF, Tab 6 at 4.   The appellant did not dispute those contentions below or on review, despite being explicitly apprised by OPM's motion, *id*., and the initial decision, ID at 2, that such rescission divests the Board of jurisdiction. *See Boughton v. Department of Agriculture*, 94 M.S.P.R. 347, ¶¶ 5-6 (2003) (finding that the initial decision put the appellant on notice of the Board's jurisdictional requirements).   Rather, the appellant argues the merits of his appeal.   PFR File, Tab 1 at 5-6.   Those arguments are immaterial to the jurisdictional issue before the Board. *See, e.g.*, *Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 7 (2012) (finding that the appellant's arguments on the merits of her appeal were irrelevant to the jurisdictional question).   As a result, because OPM's unrebutted contentions are sufficient to show that the Board lacks jurisdiction over OPM's denial of the appellant's FERS retirement application, he is not entitled to a hearing or to a decision on the merits of his appeal.

¶9     Finally, under 5 C.F.R. § 1201.25(c), OPM was required to submit all documents contained in its record regarding the action at issue.   Nonetheless,

because OPM submitted unrefuted evidence establishing that the Board lacked jurisdiction over the action, the documentary evidence that is relevant only to the merits of the appeal, such as pay stubs, is immaterial. Thus, even assuming that a procedural error occurred, the appellant has failed to show how OPM's purported noncompliance with 5 C.F.R. § 1201.25(c) affected the outcome of his appeal. Therefore, this alleged error does not meet the criteria for review. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (finding that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

¶10 Accordingly, we find that the appellant has failed to raise a nonfrivolous allegation of Board jurisdiction over OPM's denial of his FERS retirement benefits, and we affirm the administrative judge's decision to dismiss his initial appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                Jennifer Everling
                Acting Clerk of the Board

Washington, D.C.